Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendants Bayer HealthCare LLC; Bayer Essure Inc.; Bayer HealthCare Pharmaceuticals, Inc.*

Additional Counsel on Signature Page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| TANYA DE LA PAZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BAYER HEALTHCARE LLC, a Delaware corporation; BAYER ESSURE, INC., a Delaware Corporation; BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation; BAYER A.G., a German corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:15-cv-03995-WHA<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY RE: RENEWED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>HONORABLE WILLIAM H. ALSUP<br><br>Date: January 21, 2016<br>Time: 8:00 a.m.<br>Place: Courtroom 8, 19th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 21, 2016 at 8:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Bayer HealthCare LLC, Bayer Essure, Inc., and Bayer HealthCare Pharmaceuticals, Inc. (collectively "Bayer") will and hereby do request that the Court take judicial notice of documents published and approved by the U.S. Food and Drug Administration ("FDA") and documents that Plaintiff relies on in her First Amended Complaint but did not attach.

This Supplemental Request is being submitted in support of Bayer's Reply in Support of Renewed Motion to Dismiss Plaintiff's First Amended Complaint and is based on this Notice, the attached Memorandum of Points and Authorities, all the papers, records, and pleadings on file in this action, and such other evidence as may be presented at the hearing on Bayer's Motion to Dismiss.

Dated: January 7, 2016                    SIDLEY AUSTIN LLP

                                          By:  */s/ Alycia A. Degen*
                                               Alycia A. Degen

                                          Alycia A. Degen
                                          SIDLEY AUSTIN LLP
                                          555 West Fifth Street
                                          Los Angeles, CA 90013
                                          (213) 896-6682
                                          (213) 896-6600 (fax)
                                          adegen@sidley.com

                                          Maja Eaton (*pro hac vice* to be filed)
                                          Elizabeth Curtin (*pro hac vice* to be filed)
                                          SIDLEY AUSTIN LLP
                                          One South Dearborn
                                          Chicago, IL 60603
                                          (312) 853-7123
                                          (312) 853-7036 (fax)
                                          meaton@sidley.com
                                          ecurtin@sidley.com

                                          *Attorneys for Defendants Bayer HealthCare LLC; Bayer Essure Inc.; Bayer HealthCare Pharmaceuticals, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently filed Reply in Support of Renewed Motion to Dismiss Plaintiff's First Amended Complaint, Defendants Bayer HealthCare LLC, Bayer Essure, Inc., and Bayer HealthCare Pharmaceuticals, Inc. (collectively "Bayer") respectfully request that the Court take judicial notice of the following documents, true and correct copies of which are attached hereto:

**Exhibit A:** FDA, Obstetrics and Gynecology Devices Panel, Advisory Committee Transcript, pp. 1-100 (July 22, 2002)[1];

**Exhibit B:** FDA, Essure System Premarket Approval (PMA) Supplements[2];

**Exhibit C:** California Department of Public Health, Food and Drug Branch, Investigative Report referencing FDA Inspectional Observations Form 483 (January 21, 2011);

**Exhibit D:** California Department of Health Services, Food and Drug Branch, Notice of Violation (June 11 2008);

**Exhibit E:** Essure, Physician Training Manual (2002).

Exhibits A and B are public FDA documents available on FDA's website and reflect the FDA's approval process and approvals for Essure. Exhibits C and D are quoted and relied upon by Plaintiff in her First Amended Complaint, despite not being attached thereto. FAC [D.E. 21] ¶¶ 105(c)-(d). Exhibit E was submitted, reviewed, and approved by FDA as part of Essure's premarket approval ("PMA") and incorporated into the FDA-approved Essure Instructions for Use. *See* Instructions for Use (RJN, Ex. D [D.E. 34-4]) at 4 (referring and incorporating "Physician Training Manual").

---

[1] Available at http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfadvisory/details.cfm?mtg=330 (last visited Jan. 7, 2016).

[2] Available at http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpma/pma.cfm?start_search=1&applicant=&tradename=&productcode=&pmanumber=P020014&supplementnumber=&advisorycommittee=&docketnumber=&supplementtype=&expeditedreview=&ivdproducts=off&combinationproducts=off&decisiondatefrom=&decisiondateto=01%2F05%2F2016&noticedatefrom=&noticedateto=&znumber=&PAGENUM=50&sortcolumn=pn_desc_sn_desc (last visited Jan. 7, 2016).

This Court may take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, this Court and others routinely take judicial notice of documents that appear on FDA's website and in PMA submissions without converting motions to dismiss into motions for summary judgment. *See, e.g., Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) ("[A] court may take judicial notice of . . . matters of public record," including documents "available on the FDA's website"); *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878-79 (N.D. Cal. 2013) (taking judicial notice of documents that "appear on the FDA's public website," including PMA approval letters); *Knoppel v. St. Jude Med. Inc.*, No. 13-383, 2013 WL 3803612, at *3 (C.D. Cal. May 7, 2013) ("The Court finds it appropriate to take judicial notice of the fact that the . . . allegedly defective medical devices are Class III devices that have been approved through the PMA process by the FDA."); *Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (taking judicial notice of documents from FDA's website, because "[u]nder Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites by government agencies") (internal quotations omitted); *Erickson v. Boston Scientific Corp.*, 846 F. Supp. 2d 1085, 1088-89 (C.D. Cal. 2011) (taking judicial notice of supplemental PMA and PDP approvals relating to four different cardiac pacemakers on defendant's preemption-based motion for judgment on the pleadings).[3]

The Ninth Circuit has also held that documents not attached to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claims." *U.S. v.* Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Further, "[t]he defendant may offer such a document, and the district court may treat

---

[3] Courts throughout the country have likewise taken judicial notice of FDA's PMA approval for medical devices. *See, e.g., see also Tillman v. Smith & Nephew, Inc.*, No. 12 C 4977, 2012 WL 6681698, at *1-2 (N.D. Ill. Nov. 1, 2012) (taking judicial notice of PMA approval letter from the federal Department of Health and Human Services); *Ali v. Allergan USA, Inc.*, No. 1:12-CV-115, 2012 WL 3692396, at *1 (E.D. Va. Aug. 23, 2012) (same); *Funk v. Stryker Corp.*, 673 F. Supp. 2d 522 (S.D. Tex. 2009), *aff'd*, 631 F.3d 777 (5th Cir. 2011) (taking judicial notice of PMA approval letter from the FDA); *Tierney v. AGA Med. Corp.*, No. 4:11CV3098, 2011 WL 7400469, at *1 n.9 (D. Neb. Nov. 18, 2011) (taking judicial notice of PMA approval information).

such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*. Plaintiff's First Amended Complaint cites to both Exhibits C and D, and her Opposition to Bayer's Renewed Motion to Dismiss demonstrates that her claims are reliant on these documents. *See* Opp. [D.E. 43] at 8-9.

Accordingly, Bayer respectfully requests that the Court take judicial notice of Exhibits A through E, referenced in its Reply in Support of its Renewed Motion to Dismiss, and consider them in connection with Bayer's concurrently filed Reply in Support of its Renewed Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: January 7, 2016                    SIDLEY AUSTIN LLP

By: */s/ Alycia A. Degen*
    Alycia A. Degen

    Alycia A. Degen
    SIDLEY AUSTIN LLP
    555 West Fifth Street
    Los Angeles, CA 90013
    (213) 896-6682
    (213) 896-6600 (fax)
    adegen@sidley.com

    Maja Eaton (*pro hac vice* to be filed)
    Elizabeth Curtin (*pro hac vice* to be filed)
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, IL 60603
    (312) 853-7123
    (312) 853-7036 (fax)
    meaton@sidley.com
    ecurtin@sidley.com

    *Attorneys for Defendants Bayer HealthCare LLC; Bayer Essure Inc.; Bayer HealthCare Pharmaceuticals, Inc.*