| | |
|---|---|
| 1 | Alycia A. Degen (SBN 211350) |
|   | adegen@sidley.com |
| 2 | Bradley J. Dugan (SBN 271870) |
|   | bdugan@sidley.com |
| 3 | SIDLEY AUSTIN LLP |
|   | 555 West Fifth Street |
| 4 | Los Angeles, CA 90013 |
|   | Telephone: (213) 896-6000 |
| 5 | Facsimile: (213) 896-6600 |
| 6 | Maja C. Eaton [Ill. SBN 6188479] |
|   | meaton@sidley.com |
| 7 | SIDLEY AUSTIN LLP |
|   | One South Dearborn |
| 8 | Chicago, IL 60603 |
|   | Telephone: (312) 853-7000 |
| 9 | Facsimile: (312) 853-7036 |

*Attorneys for Defendants Bayer HealthCare LLC; Bayer Essure Inc.; Bayer HealthCare Pharmaceuticals, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| TANYA DE LA PAZ, an individual, | Case No. 3:15-cv-03995-WHA |
| Plaintiff, | |
| vs. | **DEFENDANTS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF RENEWED MOTION TO DISMISS [Dkt. 33]_** |
| BAYER HEALTHCARE LLC, a Delaware corporation; BAYER ESSURE INC., a Delaware Corporation; BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation; and DOES 1-10, inclusive, | Complaint Filed: September 1, 2015<br>Trial Date: None set<br><br>Date: January 21, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 8 |
| Defendants. | Judge: Hon. William H. Alsup |

Pursuant to the Court's Order at the January 21, 2016 hearing on Defendants' Renewed Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 33, 50], Defendants submit the following listing of cases, post-dating *Riegel v. Medtronic*, 522 U.S. 312 (2008), from courts within the Ninth Circuit that have either permitted or held preempted claims against medical devices approved by the Federal Food and Drug Administration ("FDA") through the pre-market approval ("PMA") process. This submission first identifies the relevant cases from the Ninth Circuit Court of Appeals (2 cases), followed by District Court cases that held all claims preempted (22 cases), then District Court cases that permitted one or more claims to proceed— primarily failure to warn FDA of new risks and certain misrepresentation claims—while in most instances also holding most other claims preempted (19 cases). The listed cases include published cases as well as unpublished cases available through Westlaw. Together, they demonstrate that Plaintiff's claims are preempted, and the complaint must be dismissed.

**I.     Ninth Circuit Cases**

- *Stengel v. Medtronic, Inc.*, 704 F.3d 1224 (9th Cir. 2013) (Arizona negligence claim based on failure to report adverse events to FDA relating to new, not previously identified, risk with device not preempted) (cert. denied *Stengel v. Medtronic Inc.*, 134 S. Ct. 2839 (2014)).

- *Perez v. Nidek Co.*, 711 F.3d 1109, 1118-19 (9th Cir. 2013) (fraud claim based on omission of information regarding "off-label" use of device expressly and impliedly preempted).

**II.    District Court Cases: All Claims Expressly and/or Impliedly Preempted**

- *Funke v. Sorin Grp. USA, Inc.*, No. 15-cv-01182, 2015 WL 7747011, at 6-16 (C.D. Cal. Nov. 24, 2015) (failure to warn, misrepresentation, design and manufacturing defect claims expressly preempted; claim under *Stengel* for failure to warn FDA inadequately pled).

- *Johnson v. Hologic, Inc.*, No. 2:14-cv-0794, 2015 WL 75240 (E.D. Cal. Jan. 6, 2015) (strict liability and negligence claims based on failure to warn FDA expressly preempted and dismissed with prejudice for lack of causal connection to plaintiff's injuries); *Johnson v. Hologic, Inc.*, No. 2:14-cv-0794, 2014 WL 2581421 (E.D. Cal. June 9, 2014) (similar regarding earlier version of complaint).

- *Malonzo v. Mentor Worldwide, LLC*, No. C 14-01144, 2014 WL 2212235 (N.D. Cal.

May 28, 2014) (strict product liability, negligence, breach of express/implied warranty, res ipsa loquitor, misrepresentation, and fraud claims expressly preempted where plaintiff failed to allege violation of any state law requirement parallel to federal requirements and inadequately alleged a causal nexus between defendant's alleged failure to report her adverse event and her injury).

- *Kashani-Matts v. Medtronic, Inc.*, No. SACV 13-01161, 2014 WL 819392 (C.D. Cal. Feb. 14, 2014) (amended complaint dismissed with prejudice on grounds that product liability and fraud claims were expressly preempted; plaintiff did not allege parallel violation of federal law); *see also Kashani-Matts v. Medtronic, Inc.*, SACV 13-01161-CJC, 2013 WL 6147032 (C.D. Cal. Nov. 22, 2013) (failure to warn and design defect claims expressly preempted).

- *Simmons v. Boston Scientific Corp.*, No. CV 12-7962, 2013 WL 1207421 (C.D. Cal. Mar. 25, 2013) (design and manufacturing defect claims expressly preempted where complaint failed to allege violation of specific PMA requirement; failure to warn FDA claim inadequately pled);

- *Knoppel v. St. Jude Med. Inc.*, No. SACV 13-383, 2013 WL 3803612 (C.D. Cal. May 7, 2013) (strict liability, negligence, and breach of implied warranty claims expressly preempted because claims required a finding that PMA-approved device "should have been designed or manufactured differently from the manner required by the FDA's regulations" and causation not adequately alleged (some defects cured by subsequent amendment)); *Norton v. Independence Tech., LLC*, No. 2:10-cv-03218, 2011 WL 3584491 (E.D. Cal. Aug. 15, 2011) (similar).

- *Gillman v. Boston Scientific Corp.*, No. 11-3067, 2012 WL 892239 (D. Or. 2012) (products liability, negligence, breach of implied and express warranty claims based on challenges to the safety and effectiveness of defendant's PMA approved device preempted; claim for negligent misrepresentation – to the extent not preempted – failed to state a claim). *See also Allen v. Zimmer Holdings, Inc.*, No. 15-cv-00341, 2015 WL 6637232 (D. Nev. Oct. 30, 2015) (similar); *Suckow v. Medtronic, Inc.*, 971 F. Supp. 2d 1042 (D. Nev. 2013) (similar).

- *Hernandez v. Stryker Corp.*, No. C14-0613RSM, 2014 WL 7044171 (W.D. Wash. Dec. 11, 2014) (strict liability, negligence, breach of express/implied warranty, failure to warn, and failure to monitor claims preempted where plaintiff failed to allege violation of FDA requirement specific to the device or how any violation related to Plaintiff's device or injuries).

- *Erickson v. Boston Sci. Corp.*, 846 F. Supp. 2d 1085 (C.D. Cal. 2011) (strict liability failure to warn and design and/or manufacturing defect, negligence, fraud, and gross negligence claims preempted where plaintiff failed to allege any deviation from specific FDA requirements or how any violation of the FDCA affected the device at issue). *See also Lowe v. Medtronic, Inc.*, No. CV-11-9551, 2012 WL 3656468 (C.D. Cal. May 9, 2012) (similar); *Cohen v. Guidant Corp.*, No. CV-05-8070, 2011 WL 637472 (C.D. Cal. Feb. 15, 2011) (similar).

- *Rhynes v. Stryker Corp.*, No. 10-5619, 2011 WL 5117168 (N.D. Cal. Oct. 27, 2011) (negligence, strict liability, California Unfair Competition Law, and wanton and reckless misconduct claims expressly preempted because plaintiff failed to allege violations of specific FDA requirements ). *See also Nimtz v. Cepin*, No. 08-cv-1294, 2011 WL 831182 (S.D. Cal. March 3, 2011) (similar); *Williams v. Allergan USA, Inc.*, No. CV-09-1160, 2009 WL 3294873 (D. Ariz. Oct. 14, 2009 (similar).

- *Cornwell v. Stryker Corp.*, No. 1:10-cv-00066, 2010 WL 4641112 (D. Idaho Nov. 1, 2010) (manufacturing defect claim expressly preempted; claim based on alleged adulterated device impliedly preempted).

- *Van Dyke v. Howmedica Osteonics Corp.*, No. Civ. 09-78, 2010 WL 8490858 (D. Mont. May 14, 2010) (manufacturing defect, express and implied warranty of merchantability, Montana Consumer Protection Act, and negligent misrepresentation claims expressly and impliedly preempted, including where claims based on statements from FDA-approved labeling).

- *Miller v. DePuy Spine, Inc.*, 638 F. Supp. 2d 1226 (D. Nev. 2009) (failure to warn and breach of warranty claims expressly preempted).

### III. District Court Cases: Some Claims Permitted to Proceed While Most Claims Expressly and/or Impliedly Preempted

- *Seedman v. Cochlear Americas*, No. 15-00366, 2015 WL 4768239 (C.D. Cal. Aug. 10, 2015) (design defect, negligent misrepresentation, breach of express/implied warranty, and negligence claim expressly preempted; manufacturing defect claim based on "specific factual allegations regarding what allegedly went wrong in the [device's] manufacturing process" and failure to warn the FDA claim not preempted).

- *Anderson v. Medtronic, Inc.*, No. 14-cv-00615, 2015 WL 2115342 (S.D. Cal. May 6, 2015) (failure to warn claim expressly preempted; negligence and negligence per se claims based on alleged off-label promotion of Infuse device impliedly preempted; breach of express/implied warranty and fraud claims based on statements in off-label promotion of device may not be preempted but were inadequately pled). *See also Dunbar v. Medtronic, Inc.*, No. CV 14-01529, 2014 WL 3056026 (C.D. Cal. June 25, 2014) (similar); *Jones v. Medtronic, Inc.*, 89 F. Supp. 3d 1035 (D. Ariz. 2015) (similar).

- *Scovil v. Medtronic Inc.*, No. 2:14-CV-213, 2015 WL 880614 (D. Nev. March 2, 2015) (negligent manufacturing, selling, labeling, and testing claims expressly preempted; negligence and fraud claims not preempted to extent based on statements in off-label promotion).

- *Thibodeau v. Cochlear Ltd.*, No. cv-13-02184, 2014 WL 3600868 (D. Ariz. July 25, 2014) (manufacturing and design defect, breach of express/implied warranty, and failure to warn plaintiff and doctors all expressly preempted; negligence per se claim impliedly preempted; failure to warn FDA claim not preempted).

- *Michajlun v. Bausch & Lomb, Inc.*, No. 14-CV-1365 JM, 2015 WL 1119733 (S.D. Cal. Mar. 11, 2015) (failure to warn, deceptive advertising under Cal. Bus. & Prof. Code § 17500, and any claim based on theory that advertising that matched FDA-approved labeling was false, misleading or inadequate were expressly preempted; failure to warn claims based on alleged failure to report to FDA adverse events that occurred prior to plaintiff's surgery not preempted).

- *Poll v. Stryker Sustainability Solutions Inc.*, No. CIV 13-440, 2014 WL 199150 (D. Ariz. Jan. 17, 2014) (strict products liability, design defect, and breach of express/implied warranties that did not exceed FDA conclusions preempted; failure to warn FDA claims not preempted).

- *Houston v. Medtronic, Inc.*, No. 13-cv-01679, 2014 WL 164455 (C.D. Cal. Apr. 2, 2014) (rejecting *Ramirez* (*see infra*) and holding design defect and failure to warn plaintiff and physician claims expressly preempted; failure to warn FDA claim not preempted; fraud and breach of express warranty claims not preempted where based on statements in alleged "off-label" promotion of Infuse device and not statements FDA had approved); *see also Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1116 (C.D. Cal. 2013) (similar with respect to prior complaint).

- *Martin v. Medtronic, Inc.*, 32 F. Supp. 3d 1026 (D. Ariz. 2014) (rejecting *Ramirez* and holding design defect, manufacturing defect, and failure to warn claim, and fraud claim based on misrepresentations in labeling of Infuse device, all expressly preempted; negligence claim based on off-label promotion impliedly preempted; fraud and breach of warranty claims based statements in off-label promotion not preempted but dismissed as inadequately pled); *see also Beavers-Gabrel v. Medtronic, Inc.*, No. 13-686, 2015 WL 143944 (D. Haw. Jan. 9, 2015) (similar); *Beavers-Gabriel v. Medtronic, Inc.*, 15 F. Supp. 3d 1021 (D. Haw. 2014) (similar); *Martin v. Medtronic, Inc.*, 63 F. Supp. 3d 1050 (D. Ariz. 2014) (similar); *Hawkins v. Medtronic Inc.*, No. 1:13-cv-00499, 2014 WL 346622 (E.D. Cal. Jan. 30, 2014) (similar); *Hawkins v. Medtronic, Inc.*, 62 F. Supp. 3d 1144 (E.D. Cal. 2014) (similar); *Arvizu v. Medtronic Inc.*, 41 F. Supp. 3d 783 (D. Ariz. 2014) (similar); *Scovil v. Medtronic Inc.*, 995 F. Supp. 2d 1082 (D. Ariz. 2014) (similar); *Alton v. Medtronic, Inc.*, 970 F. Supp. 2d 1069 (D. Or. 2013) (similar).

- *Ramirez v. Medtronic Inc.,* 961 F. Supp. 2d 977 (D. Ariz. 2013) (clarified on denial of reconsideration, Oct. 24, 2013) (permitting claims based on manufacturer's "off-label" *promotion* of Infuse device to proceed on theory (since criticized by other courts) that there were no applicable federal requirements concerning the alleged off-label use).

- *O'Neil v. St. Jude Med., Inc.*, No. C 13-0661, 2013 WL 6173803 (W.D. Wash. Nov. 22, 2013) (strict liability claim not preempted where plaintiff alleged "specific manufacturing defects arising from noncompliance with" federal standards that caused the plaintiff's injury).

- *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868 (N.D. Cal. 2013) (fraud and strict liability claims based on misrepresentations in and omissions from labeling expressly preempted; fraud claims based statements in off-label promotion and failure to warn FDA claim not preempted); *see also Eidson v. Medtronic, Inc.*, 40 F. Supp. 3d 1202 (N.D. Cal. 2014) (similar).

- *Prudhel v .Endologix, Inc*., No.CIV S-09-0661, 2009 WL 2045559 (E.D. Cal. July 9, 2009) (manufacturing defect claim not preempted where specific violations of PMA requirements alleged; claim for design defect expressly preempted; claims for negligence and breach of contract dismissed because "either they are not parallel, in which case they are preempted by the MDA, or they are inadequately pled").

Dated: January 25, 2016

SIDLEY AUSTIN LLP

By: /s/ Alycia A. Degen
Alycia A. Degen
Attorneys for Defendants
BAYER HEALTHCARE, LLC; BAYER ESSURE, INC.; and BAYER HEALTHCARE PHARMACEUTICALS, INC.