Martin Schmidt, Esq. (SBN 171673)
mschmidt@nationalinjuryhelp.com
SCHMIDT NATIONAL LAW GROUP
4241 Jutland Dr., Suite 200
San Diego, CA 92217
Telephone: (800) 214-1010

Attorney for Plaintiff
TANYA DE LA PAZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TANYA DE LA PAZ, an individual, | Case No. 3:15-cv-03995-WHA |
| Plaintiff, | **PLAINTIFF'S SUMMARY REGARDING PREEMPTION IN THE NINTH CIRCUIT** |
| vs. | |
| BAYER HEALTHCARE LLC, a Delaware corporation; BAYER ESSURE, INC., a Delaware Corporation; BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation; and DOES 1 through 10, inclusive. | Honorable William H. Alsup |
| | Place: Courtroom 8, 19th Floor |
| Defendants. | |

///

///

//

# Introduction[1]

Courts within the Ninth Circuit have had the opportunity to review and opine on preemption over ninety times since the Supreme Court of the United States promulgated their ruling in *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008). Paramount opinions issued by the Ninth Circuit include *Stengel v. Medtronics, Inc.*, 704 F.3d 1224(2013), *McClellan v. I-Flow Corp.*, 776 F.3d 1035 (9th Cir. 2015), and *Seedman v. Cochlear Americas, et al.*, 15-cv-366, 2015 WL4768239 (C.D.Cal.August 10, 2015). A review of these cases and the progeny of *Riegel* and *Stengel* reveal that the Ninth Circuit courts have regularly held that several state law causes of action survive both express and implied preemption. The courts have held on multiple occasions that Fraudulent Misrepresentation/ Fraud in the Inducement claims, Failure to warn claims, Strict Liability Misrepresentation claims, Product Liability Negligence claims and Breach of Express Warranty claims can survive preemption. The courts have taken a very specific, fact dependent analysis when determining whether the aforementioned claims survive preemption. In cases where the courts have found these claims do not survive preemption, they have typically done so because the pleadings were inadequate, but the courts have nevertheless generally granted leave to allow the Plaintiffs to remedy those defects.

## Ninth Circuit Court of Appeals Cases

In *Stengel v. Medtronics, Inc.*, 704 F.3d 1224(2013), the Ninth Circuit reversed the district court finding of preemption. The Court found that the allegations in the amended complaint were not pre-empted because the claim under Arizona law parallels the duty under the Medical Device Act, ("MDA"). Under Arizona law, there is a general duty to warn of dangers which one knows or should know are inherent in the products use, and this duty may be a continuing one applying to dangers the manufacturer discovers after sale. *Rodriguez v. Besser*,

---

[1] This Summary Regarding Preemption in the 9th Circuit is tendered pursuant to the Order of the Court made during the January 21, 2016 hearing.

115 Ariz. 454. Further, Arizona law contemplates a warning to a third party such as the FDA. In Arizona, a warning satisfies a manufacturer's duty if, given the nature of the warning and the relationship of the third party, there is "reasonable assurance that the information will reach those whose safety depends on their having it." *Anguiano v. E.I. DuPont de Nemours*, 808 F. Supp. 719, 723.

In *McClellan v. I-Flow Corp.*, 776 F.3d 1035 (9th Cir. 2015), the Ninth Circuit held that McClellan's alleged failure-to-warn theories were not preempted. The court also recognized a presumption against preemption applies in cases that do not involve implied preemption. The court reasoned that *Buckman* (recognizing *Lohr*) left the door open to state-law claims that "parallel" federal requirements. The court held that the failure to warn claims did not arise solely by virtue of the MDA, and noted that there is no suggestion that Congress intended to displace traditional tort law by making all policing of medical labels and warnings the exclusive province of the FDA.

In *Perez v. Nidek*, 711 F.3d 1109 (9th Cir., 2009), the court was presented with a class action claim of fraud by omission due to the failure of the manufacturer and physicians to inform patients of the fact that the Lasik machine being used was not approved for use in the particular procedure being performed. The court held that there was a narrow gap through which a state-law claim must fit to escape preemption by the FDCA noting that a plaintiff must be suing for conduct that violates the FDCA (or else his claim is expressly preempted by §360(a)), but the plaintiff must not be suing because the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman*). It should be noted that *Perez* involved a cause of action which was not rooted in state common law and preempted claims which specifically involved allegations related to the inadequacy of the approved label or design; however, it did not provide

a blanket bar to state law claims based on preemption as is evidence by the *McClellan* and *Stengel* rulings.

## Ninth Circuit District Court Cases

In *Seedman v. Cochlear Americas, et al.* 15-cv-366, 2015 WL4768239 (C.D. Cal., Aug. 10, 2015), the court held that a claim for Strict Liability for failure to warn the FDA was not preempted. The court also noted any supposed lack of factual detail concerning this claim is of no concern because "little factual detail is necessary or available when a plaintiff is alleging that the defendant failed to act". Furthermore, the court also held that a strict products liability cause of action for defective manufacturing is parallel to 21 U.S.C §351(h) and thus not preempted. The *Seedman* court also held that a "negligence per se" claim, in the manufacturing of the cochlear implant, survives "to the extent that it alleges negligence per se based on CAM's alleged failure to follow federal requirements in the manufacturing of the cochlear implant. Additionally, *Seedman's* negligent misrepresentation claim was preempted because it was plead as a duty owed to *Seedman*, and not the FDA. Finally, *Seedman's* breach of warranty claim was preempted because the representations made were limited to those approved by the FDA.

While *Seedman* provides a roadmap for claims which the 9th circuit has ruled survive preemption, the District Courts within the 9th Circuit have regularly recognized that the MDA does not preempt state-law causes of action for damages in which the state-law duty 'parallels' the federal-law duty under the MDA. In such cases, the District Courts have uniformly undertaken a close examination of the pleadings, often granting motions to amend where appropriate. The district courts have regularly and nearly routinely held that Fraudulent Misrepresentation/ Fraud in the Inducement claims (where applicable, mostly with off label promotion), Failure to warn claims, Strict Liability Misrepresentation claims, Product Liability Negligence claims and Breach of Express Warranty claims can survive preemption if properly

plead. Cases generally fall into two categories: 1) cases in which courts have held that one or more of the claims pled survive preemption[2]; or 2) cases in which courts recognized that claims could survive preemption if properly pled (and were not so pled), and granting leave to amend to cure defects in pleading which led to dismissal and/or a finding of preemption.[3] The courts, in finding that the aforementioned claims can survive preemption, have held that a plaintiff "must demonstrate facts (1) showing an alleged violation of FDA regulations or requirements related to [the device], and (2) establishing a causal nexus between the alleged injury and the violation. *Johnson v. Hologic, Inc.*, 2014 U.S. Dist. LEXIS 79665 (E.D. Cal., June 6, 2014), *See Also Malonzo v. Mentor Worldwide, LLC*, 2014 U.S. Dist. LEXIS 73353(N.D. Cal., May 28, 2014).

---

[2] *Jones v. Medtronic*, 89 F. Supp. 3d 1035, 2015 U.S. Dist. LEXIS 29827 (D. Ariz. 2015), *Scovil v. Medtronic Inc*., 2015 U.S. Dist. LEXIS 25708, 86 U.C.C. Rep. Serv. 2d (CBC) 1 (D. Nev. 2015), *Beavers-Gabriel v. Medtronic, Inc.,* 2015 U.S. Dist. LEXIS 2522 (D. Haw. Jan. 9, 2015), *Martin v. Medtronic, Inc*., 63 F. Supp. 3d 1050, 2014 U.S. Dist. LEXIS 164980 (D. Ariz. 2014), *Hawkins v. Medtronic, Inc.,* 62 F. Supp. 3d 1144, 2014 U.S. Dist. LEXIS 162721 (E.D. Cal. 2014), *Arvizu v. Medtronic Inc.,* 41 F. Supp. 3d 783, 2014 U.S. Dist. LEXIS 118122, CCH Prod. Liab. Rep. P19455 (D. Ariz. 2014), *Martin v. Medtronic, Inc.,* 32 F. Supp. 3d 1026, 2014 U.S. Dist. LEXIS 100179 (D. Ariz. 2014), *Eidson v. Medtronic*, Inc., 40 F. Supp. 3d 1202 (N.D. Cal., May 13, 2014), *Beavers-Gabriel v. Medtronic, Inc.,* 15 F. Supp. 3d 1021 (D. Haw., April 10, 2014), *Houston v. Medtronic, Inc.,* 2014 U.S. Dist. LEXIS 50613 (C.D. Cal, April 2, 2014), *Herron v. Smith & Nephew, Inc.*, 7 F. Supp. 3d 1043 (E.D. Cal., Mar. 21, 2014), *Scovil v. Medtronic, Inc.,* 995 F. Supp. 2d 1082 (D. AZ, Feb. 7, 2014), *Hawkins v. Medtronic, Inc.,* 2014 U.S. Dist. LEXIS 11779 (E.D. Cal. Jan. 30, 2014), *Poll v. Stryker Sustainability Solutions, Inc.*, 2014 U.S. Dist. LEXIS 6309 (D AZ., Jan. 17, 2014), *O'Neil v. St. Jude Med., Inc.,* 2013 U.S. Dist. LEXIS 167450 (W.D. Wash. Nov. 22, 2013), *Alton v. Medtronic, Inc.,* 970 F. Supp. 2d 1069, 2013 U.S. Dist. LEXIS 127190 (D. Or. 2013*), Ramirez v. Medtronic Inc*., 961 F. Supp. 2d 977, 2013 U.S. Dist. LEXIS 118822 (D. Ariz. 2013), *Elliott v. Smith & Nephew*, 2013 U.S. Dist. LEXIS 59072 (D. Idaho Apr. 15, 2013), *Plancencia V. I-Flow Corp*., 2012 U.S. Dist. LEXIS 165618 (D. Ariz. Nov. 20,2012).

[3] *Funke v. Sorin Grp. USA, Inc.,* 2015 U.S. Dist. LEXIS 162473 (C.D. Cal. Nov. 24, 2015), *Anderson v. Medtronic, Inc.,* 2015 U.S. Dist. LEXIS 61750 (S.D. Cal. May 6, 2015), *Johnson v. Hologic, Inc.*, 2015 U.S. Dist. LEXIS 1105 (E.D. Cal. Jan. 5, 2015), *Hernandez v. Stryker Corp*., 2014 U.S. Dist. LEXIS 171697 (W.D. Wash. Dec. 11, 2014); Thibodeau *v. Cochlear Ltd.,* 2014 U.S. Dist. LEXIS 101784, CCH Prod. Liab. Rep. P19444 (D. Ariz. July 25, 2014), *Chao v. Smith & Nephew, Inc.,* 2013 U.S. Dist. LEXIS 169512 (S.D. Cal. Oct. 22, 2013), *Suckow v. Medtronic, Inc.*, 971 F. Supp. 2d 1042, 2013 U.S. Dist. LEXIS 135754 (D. Nev. 2013), *Prudhel v. Endologix, Inc*., 2009 U.S. Dist. LEXIS 64402 (E.D. Cal. July 8, 2009), *Lowe v. Medtronic, Inc*., 2012 U.S. Dist. LEXIS 124743 (C.D. Cal. May 9, 2012), *Williams v. Allergan USA, Inc.,* 2009 U.S. Dist. LEXIS 95572 (D. Ariz. Oct. 14, 2009). *Rhynes v. Stryker Corp*., 2011 U.S. Dist. LEXIS 124510 (N.D. Cal. Oct. 27, 2011), *Norton v. Independence Tech*., LLC, 2011 U.S. Dist. LEXIS 90526 (E.D. Cal. Aug. 15, 2011), *Nimtz v. Cepin*, 2011 U.S. Dist. LEXIS 21104 (S.D. Cal. Mar. 3, 2011). *Note,* there are additional cases in which the Courts have recognized claims exist, but for reasons related to the history of the case or sufficiency of the pleadings, leave to amend was not granted *C.f. Simmons v. Boston Sci. Corp*., 2013 U.S. Dist. LEXIS 45852 (C.D. Cal. Mar. 25, 2013), *Cohen v. Guidant Corp*., 2011 U.S. Dist. LEXIS 18786 (C.D. Cal. Feb. 15, 2011), *Erickson v. Boston Sci. Corp*., 846 F. Supp. 2d 1085 (C.D. Cal. 2011), *Miller v. DePuy Spine, Inc.,* 638 F. Supp. 2d 1226 (D. Nev. 2009).

Finally, it is uncontested that the courts have uniformly held that design defect claims and claims based on the adequacy of the warning label are preempted[4].

### Conclusion

Cases within the Ninth Circuit addressing preemption have varied significantly in outcome; each case highly dependent on the facts of the case and the sufficiency of the pleadings. There is, however, a uniformity of recognition that certain claims, if properly pled, survive preemption. These generally include claims for Fraudulent Misrepresentation/ Fraud in the Inducement claims (where applicable, mostly with off label promotion), Failure to warn claims, Strict Liability Misrepresentation claims, Product Liability Negligence claims and Breach of Express Warranty claims. With the exception the design defect claim, the claims set forth in Plaintiff's complaint are the types of claims that survive preemption. To the extent there is any insufficiency in the pleading, amendment, not dismissal is the proper remedy.

Dated: January 25, 2016       By:   /s/Martin Schmidt
    Martin Schmidt, Esq. (SBN 171673)
    mschmidt@nationalinjuryhelp.com
    SCHMIDT NATIONAL LAW GROUP
    4241 Jutland Dr., Suite 200
    San Diego, CA 92217
    (800) 214-1010

---

[4] *Allen v. Zimmer Holdings, Inc.,* 2015 U.S. Dist. LEXIS 147575 (D. Nev. Oct. 30, 2015), *Michajlun v. Bausch & Lomb, Inc.*, 2015 U.S. Dist. LEXIS 30024 (S.D. Cal. Mar. 11, 2015), *Dunbar v. Medtronic, Inc.,* 2014 U.S. Dist. LEXIS 94920 (C.D. Cal. June 25, 2014), *Schuler v. Medtronic, Inc.,* 2014 U.S. Dist. LEXIS 36960 (C.D. Cal., Mar. 12, 2014), *Kashani-Matts v. Medtronic, Inc.,* 2014 U.S. Dist. LEXIS 31429 (C.D. Cal. Feb. 14, 2014), *Knoppel v. St. Jude Med., Inc.,* 2013 U.S. Dist. LEXIS 104456 (C.D. Cal. May 7, 2013), *Gillman v. Boston Sci. Corp.,* 2012 U.S. Dist. LEXIS 34330 (D. Or. Jan. 27, 2012).